IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SAMUEL CARABALLO, JR.,

     Plaintiff,

v.                              CASE NO. 5:17-cv-153-MCR-GRJ

C/O J WILSON,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing  a complaint pursuant to 42 U.S.C. § 1983, and has been granted leave to proceed as a pauper by separate order.  The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2), governing proceedings *in forma pauperis*.  The IFP statute provides that the Court shall dismiss a complaint if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."  For the following reasons, it is respectfully recommended that the Complaint be dismissed for failure to state a claim upon which relief may be granted and for failure to exhaust administrative remedies.

The Complaint stems from the conditions of confinement at Bay

Correctional Institution.  Specifically, Plaintiff alleges that on May 28, 2017, he was deprived of a mattress for his bunk for almost 24 hours, and that an officer made racist comments to him.  Plaintiff contends that he experienced discomfort and back pain.  Plaintiff alleges that the deprivation of the mattress violates the Eighth Amendment's proscription against cruel and unusual punishment.

In considering whether a particular prison condition violates the Eighth Amendment, courts will consider the duration of the prisoner's exposure to the condition.  *Chandler v. Crosby,* 379 F.3d 1278,1295 (11th Cir. 2004); *see also Hutto v. Finney,* 437 U.S. 678, 686–87 (1978). Conditions which "might be tolerable for a few days" might easily be "intolerably cruel for weeks or months." *Hutto,* 437 U.S. at 687.  Courts have consistently held that the deprivation of personal hygiene and comfort items for a brief period of time is not sufficient to state a claim under the Eighth Amendment.  *See Siller v. Dean,* 205 F.3d 1341 (6th Cir. 2000); *White v. Marshall,* 2008 WL 4826283, at 3, 8–9 (M.D. Ala.2008) (unpublished) (holding that the plaintiff's confinement for thirty days in a strip cell with only a drain in the floor for urinating, cold sandwiches three times a day, no clothing except for a paper gown, no mattress for twenty-

four days, no blanket, no wash basin, no personal hygiene items, no lights, no ventilation, and no shower or exercise for fourteen days were not deprivations of "the minimal civilized measures of life's necessities."); *Harris v. Fleming,* 839 F.3d 1232, 1235 (7th Cir.1988)(five day neglect of a prisoner's need for toilet paper, soap, tooth brush, and toothpaste was not unconstitutional); *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir.1996) (inmate's exposure for four days to raw sewage from a toilet that overflowed in his isolation cell did not amount to cruel and unusual punishment).

In this case, Plaintiff concedes that he was without a mattress for less than 24 hours. Although Plaintiff was uncomfortable, the facts alleged by Plaintiff do not suggest that such a brief deprivation amounted to cruel and unusual punishment. Accordingly, the Court concludes that Complaint fails to state an Eighth Amendment claim.

Moreover, it is apparent from the face of the Complaint that Plaintiff could not have exhausted the DOC's three-step administrative remedy process with respect to claims arising on May 28, 2017, prior to filing this

case on June 5, 2017.[1]

Pursuant to the Prison Litigation Reform Act (PLRA):

No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Eleventh Circuit has stated that "[t]he plain language of [§ 1997e(a) ] makes exhaustion a precondition to filing an action in federal court." *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001). It is also clear that, for exhaustion purposes, the facts that count are those in existence at the time the plaintiff files his lawsuit. *See Harris v. Garner*, 216 F.3d 970, 974 (11th Cir.2000) (concluding that a plaintiff's status as a prisoner for purposes of § 1997e(e)'s limitation on suits "brought by a prisoner" is determined as of the time suit is filed). Section 1997e(a)

---

[1] The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, to exhaust administrative remedies he must file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance. The Secretary has up to 30 days to respond. *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(3)(c).

provides that "[n]o action shall be brought ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).   The word "brought" in this context "refer[s] to the filing or commencement of a lawsuit, not to its continuation."  *Harris*, 216 F.3d at 974; *see also Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir.1999) (interpreting § 1997e(a) to mean that a state inmate must comply with state grievance procedures "*before* filing a federal lawsuit under section 1983") (emphasis added).

Although the § 1997e exhaustion requirement is an affirmative defense, when "an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint." *Okpala v. Drew*, 2007 WL 2407040 (11th Cir. Aug. 24, 2007) (unpublished) (citing *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007)). Plaintiff's failure to administratively exhaust the claims in the complaint before filing this case provides grounds for dismissal without prejudice.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted and for failure

to exhaust administrative remedies before filing the case.

**IN CHAMBERS** this 13th day of June 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**